Denis C. LaFRENIERE

v.

**James and Maggie FITZGERALD et al.**

**No. C–2540.**

Supreme Court of Texas.

April 25, 1984.

Rehearing Denied May 30, 1984.

**118**

Nicolas, Morris & Barrow, Toufic Nicolas, Corpus Christi, for petitioner.

Law Offices of Richard B. Stone, Richard B. Stone, Corpus Christi, for respondents.

WALLACE, Justice.

This is a suit by the C–H Council of Co-Owners, Inc. (Council) and four owners of individual condominium units (Fitzgerald) to recover past due maintenance and operation expense assessments from the owner (LaFreniere) of the remaining units within the complex. LaFreniere answered and counterclaimed for amounts already paid by him on behalf of the Council. The trial court rendered judgment on the jury verdict denying recovery to all parties. The court of appeals reversed the judgment of the trial court and remanded the cause for trial. 658 S.W.2d 692. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

LaFreniere owned a high-rise apartment house, the Cliff-House, which he converted to condominiums. After the apartments were converted LaFreniere attempted to sell the individual condominium units; however, after three years he still owned approximately 60% of the units. LaFreniere was, at all pertinent times, president of the Council and was in complete charge of the operation of the condominium project. The Council was a nonprofit corporation which managed the condominium project. Each owner was assessed twelve cents per month per square foot of individually owned floor space. This money was used for operation and maintenance of the common elements in the project. Fitzgerald and the Council sued LaFreniere alleging that he owed for past due assessments.

LaFreniere answered that he had paid expenses on behalf of the Council in excess of the past due assessments and counterclaimed for this excess.

The controlling issue presented in this appeal is whether there was any evidence to support the jury verdict that LaFreniere had expended a sum of money on behalf of the Council equal to his past due assessments. The Council and Fitzgerald contended that LaFreniere owed past due assessments in the amount of $153,477.26. LaFreniere contended that he had paid Council expenses of $177,285.06. To support his contention, LaFreniere introduced canceled checks into evidence which he claimed represented amounts previously paid by him on behalf of the Council. The court of appeals held that LaFreniere's Exhibits 41 through 45, which included these canceled checks, were hearsay and were not properly admitted into evidence because LaFreniere failed to establish the proper predicate for their admission as required by TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1984). In particular, the court of appeals found that LaFreniere had not proven that he had personal knowledge of the facts reflected in those exhibits, such personal knowledge requirement being a necessary prerequisite to admission of the business records under 3737e. *See* TEX.REV.CIV.STAT.ANN. art. 3737e § 1(b) (Vernon Supp.1984). The court further found that these exhibits were the only evidence of LaFreniere's payments and since these exhibits were improperly admitted there was no evidence to support the jury's answers which entitled LaFreniere to an offset.

The exhibits consisted of canceled checks supported by invoices or other memoranda representing payments made by LaFreniere. The checks in question totaled over 550 in number and amounted to payments of $177,285.06. All but six of these checks were signed by LaFreniere. The checks signed by LaFreniere totaled $176,516.09. The remaining six checks were signed by LaFreniere's bookkeeper at his instructions. LaFreniere was the sole stockholder

and manager of the corporation. LaFreniere testified that each of the checks was drawn on either his personal account or his corporate account. He further testified that each check was issued in the regular course of his business, at or about the time of the rendition of the services paid for by the checks and that the checks were kept in the regular course of his business. He also testified that to his knowledge each of the checks and the documents on which they were based represented proper expenses of the Council.

 We hold that the trial court properly admitted the invoices and checks as business records pursuant to Article 3737e. Section 1 of that article requires that for memoranda or records of an act to be admitted as an exception to the hearsay rule that:

  a. It was made in the regular course of business;

  b. It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

  c. It was made at or near the time of the act, event or condition or reasonably soon thereafter.

The court of appeals' holding that the record was inadmissible was based on their conclusion that the requirement of personal knowledge within § (1)(b) had not been met. The trial judge shall determine from all of the evidence offered whether the personal knowledge required by Article 3737e § (1)(b) is present. As recited above, LaFreniere testified that each invoice was submitted for services performed for the Council and that each check was issued by him in payment of that invoice. This meets the personal knowledge requirement of § (1)(b).

The court of appeals held that the Council and Fitzgerald were entitled to attorney's fees. Since we hold that the trial court was correct in denying recovery to the Council and Fitzgerald on their cause of action, they are not entitled to attorney's fees. *Jay-Lor Textiles v. Pacific Compress Warehouse,* 547 S.W.2d 738, 743 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.