United States Court of Appeals,

Fifth Circuit.

No. 94-10894.

In the Matter of OMNI VIDEO, INC., Debtors.

George HOUSTON, OTR/California Stock Transfer and Daniel Lezak, Appellants,

v.

Floyd HOLDER, Trustee, et al., Appellees.

Aug. 8, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before WISDOM, DUHÉ and BENAVIDES, Circuit Judges.

WISDOM, Circuit Judge.

The defendant/appellants seek to have the judgment entered against them by the bankruptcy court vacated. The judgment was granted to enforce an alleged settlement announced by the parties in open court. Because we agree with both the bankruptcy court and the district court that the parties entered into a binding settlement, we AFFIRM.

I.

The bankruptcy trustee for the bankruptcy estate of Omni Video, Inc., Floyd Holder, the plaintiff/appellee, filed this case against several defendants seeking damages for the defendants' alleged wrong-doing in various commercial transactions. On July 23, 1993, while appearing before the bankruptcy court on various pre-trial matters, the parties announced that they had reached a settlement. The parties read the details of this agreement into the record and asked that all discovery be abated and that the up-coming trial date be cancelled. After counsel for all parties agreed with the trustee's statement of the settlement, the bankruptcy court granted these motions. The trustee announced the settlement to the court and stated:

> The terms of the settlement are that each—the trustee and Mr. Barnett, personally, will give releases, and there will be mutual releases on the part of all defendants with respect to the estate and Mr. Barnett. The consideration for these mutual releases would be $250,000 in cash to be deposited in Mr. Jones' trust account within 30 days. To be paid upon approval

of the settlement, $220,000 to the estate and $30,000 directly to Mr. Randy Barnett.[1]

In accord with Bankruptcy Rule 2002, the trustee prepared a document entitled "Notice of Intent to Compromise Controversy." This document was filed with the bankruptcy court and sent to all creditors with an interest in the estate, as well as the defendants. The notice summarized the settlement but included an additional clause which was not discussed when the parties summarized the settlement for the court. That clause provides:

> *Escrow.* Pending approval of this compromise, and no later than August 29, 1993, Defendant's [sic] shall deposit the sum of $250,000.00 in escrow with attorney Robert Jones, of the Law Firm of Crenshaw, Supree & Milam, Lubbock, Texas. Upon receipt of the funds, said attorney shall file proof of deposit with the Bankruptcy Court. Defendants [sic] failure to deposit the above funds by the due date *shall terminate this pending compromise automatically* without further order of the Court and the case will be fully reinstated, including discovery.[2]

The defendants failed to fund the settlement. In October 1993, the bankruptcy court scheduled a hearing on the trustee's notice. At that hearing, the trustee urged the court to approve the compromise as required by Bankruptcy Rule 9019 and also made an oral motion for a judgment to enforce the settlement. The bankruptcy court accepted the arguments of the trustee and entered judgment against the defendants for $250,000. The defendants made a motion to reconsider the judgment against them, arguing that the settlement had ceased to exist under its own terms when the defendants failed to fund. The bankruptcy court denied the motion of the defendants. The defendants appealed the decision of the bankruptcy court to the district court and the district court affirmed.

On appeal to this Court, the defendants raise two issues. First, they argue that the entry of judgment was improper in the light of the optional nature of the compromise as explained in the notice. Also, the defendants argue that the entry of judgment on an oral motion at a hearing to determine whether the settlement should be approved violated their due process rights. We address their arguments in turn.

II.

A. Standard of Review

---

[1]Record, volume 3 at 4-5.

[2]Record, volume 2 at 846 (emphasis added).

The judgment entered by the bankruptcy court was a summary judgment.  We review a grant of summary judgment under the *de novo* standard.[3]  We view all facts in the light most favorable to the non-movant.[4]  Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[5]

B. What Law Applies

The defendants argue that the district court erred when it failed to consider the notice in assessing the nature of the settlement and affirming the judgment entered against the defendants by the bankruptcy court.  Before we determine the legal effect of the notice and the reading of the settlement into the record, we must determine whether federal or state law applies.  "Although it is federal bankruptcy law which substantively provides a vehicle through which the court marshals a debtor's assets and determines the priority of a creditor's claim, the rights and liabilities adjudicated within bankruptcy proceedings are often created and determined by state law."[6]  And when, as here, extensive federal legislation exists but fails to address the specific issue to be decided, "the pertinent analysis assesses whether there exists a valid and substantial federal interest or policy that requires the application of federal law as an exercise of interstitial lawmaking to protect or to effectuate the federal scheme".[7]  If a strong federal interest is not present, the *Erie* doctrine dictates the application of state law.[8]

---

[3]*Chauvin v. Tandy Corporation,* 984 F.2d 695, 697 (5th Cir.1993).

[4]*Cavallini v. State Farm Mutual Auto Insurance Company,* 44 F.3d 256, 266 (5th Cir.1995).

[5]*Id.*

[6]*In re Lady Madonna Industries, Inc.,* 76 B.R. 281, 286 (S.D.N.Y.1987).

[7]*First Southern Federal Savings & Loan Association of Mobile, Alabama v. First Southern Savings & Loan Association of Jackson County, Mississippi,* 614 F.2d 71, 73 (5th Cir.1980); *see also, United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979); *Fulgence v. J. Ray McDermott & Co.,* 662 F.2d 1207 (5th Cir.1981).

[8]*First Southern Savings & Loan,* 614 F.2d at 74 (citing *Miree v. DeKalb County,* 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977) and *Bank of America National Trust & Savings Association v. Parnell,* 352 U.S. 29, 77 S.Ct. 119, 1 L.Ed.2d 93 (1956)).  The *Erie* doctrine takes its name from the Supreme Court's decision in *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

We perceive no strong federal interest in the issue of the validity of settlements entered into to resolve a bankruptcy suit. Federal bankruptcy law fails to address the validity of settlements and this gap should be filled by state law. As we have held in federal diversity suits, a settlement is a contract and is best resolved by reference to state contracts law.[9] Thus, since the alleged agreement was negotiated and to be performed in Texas, the settlement agreement entered by the parties will be interpreted under Texas law.[10]

C. The Settlement

Under Texas Rule of Civil Procedure 11, "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record". Assuming a settlement meets the requirements of Rule 11 and is an enforceable contract, it can be enforced by summary judgment.[11] In addition, this Court has held that "[f]ederal courts have the inherent power to enforce settlement agreements entered into by the parties ... in a pending case...."[12]

In this case, all of the interested parties announced to the bankruptcy court that they had reached a settlement. The trustee then read the terms of the settlement into the record and each party stated that those were the terms agreed to by all of the parties. This formal announcement met the requirements of Rule 11 and created a binding agreement. Thus, there is an enforceable contract between the litigants.

The defendants do not deny that they entered a binding contract but allege that it was error to grant the bankruptcy estate a judgment because the agreement had already terminated by its own

---

[9]*Cavallini v. State Farm Mutual Auto Insurance Company,* 44 F.3d 256, 266 (5th Cir.1995); *White Farm Equipment Co. v. Kupcho,* 792 F.2d 526, 529 (5th Cir.1986); *Borden v. Banacom Manufacturing and Marketing, Inc.,* 698 F.Supp. 121, 123 (N.D.Tex.1988) (citing *Lee v. Hunt,* 631 F.2d 1171 (5th Cir.1980)).

[10]*Borden,* 698 F.Supp. at 123 (citing *Hunt v. Coastal States Gas Producing Co.,* 583 S.W.2d 322 (Tex.1979)).

[11]*Cothron Aviation, Inc. v. Avco Corporation,* 843 S.W.2d 260, 263 (Tex.Ct.App.1992) (citations omitted).

[12]*White Farm Equipment v. Kupcho,* 792 F.2d 526, 529 (5th Cir.1986); *see also, Cavallini,* 44 F.3d at 268; *Borden,* 698 F.Supp. at 123.

terms. The defendants argue that the announcement in the record did not reflect all the terms of the agreement. They contend that the notice should be considered in conjunction with the announcement to determine the terms of the settlement entered by the parties.

We find the arguments of the defendants unpersuasive. All of the attorneys formally agreed to the trustee's statement of the settlement that was read into the record. These unambiguous statements constitute an enforceable settlement agreement under Texas law. If the summary of the settlement announced in court failed to include a term, the attorneys should have objected. They did not. The bankruptcy court did not err when it relied on the statements of the interested parties in the record to determine the terms of the settlement.

The defendants argue that the notice it is also relevant to determining the settlement reached by the parties. The defendants point out that, generally, under Texas law, "where several instruments, executed contemporaneously or at different times, pertain to the same transaction, they will be read together although they do not expressly refer to each other".[13] That concept is not applicable to this case for two reasons. First, the agreement described in court and the option suggested by the trustee's notice are inconsistent. One requires the payment of $250,000 by the defendants and the other merely allows them that option according to their preference. Because of this inconsistency, the formal statement of the parties on the record controls.[14] Second, although the notice was intended to represent fairly the settlement reached by the parties, the purpose of the document was to inform third parties with an interest in the bankruptcy estate. It was not "an instrument" executed between the parties. Rather, it was a procedural formality required by the bankruptcy rules.

In the light of these circumstances, summary judgment was appropriate to enforce the settlement reached by the parties and read into the record. Furthermore, this decision is supported by this Court's policy that valid settlement agreements should be enforced. "Litigants may not disavow compacts thus made and approved, for avoiding the bargain would undermine its contractual

---

[13]*Cothron,* 843 S.W.2d at 263; *see also, Jim Walter Homes, Inc. v. Schuenemann,* 668 S.W.2d 324 (Tex.1984).

[14]*Cothron,* 843 S.W.2d at 263.

validity, increase litigation, and impair efficient judicial administration."[15]

D. Due Process

Finally, the defendants allege that their due process rights were violated when the bankruptcy court entered a judgment against the defendants in response to an oral motion. The defendants concede, however, that any lack of notice or opportunity to respond was cured by the hearing held on their motion to reconsider the judgment. On appeal, they argue that the bankruptcy court's reliance on the statements of the defendants' counsel at the October hearing in its order denying reconsideration of the judgment did violate due process because defendants' counsel was surprised by the trustee's oral motion for judgment on the settlement.

We see no basis for a finding that the defendants' due process rights were violated. As they concede, at the hearing on their motion to reconsider the judgment, the defendants had a full opportunity to articulate their objections to entry of judgment on the settlement. The bankruptcy court gave those arguments full consideration in its order denying reconsideration.[16] And, the bankruptcy court was free to consider all statements made by counsel on the record, whether those comments were the result of surprise or not. Further, in detailing the statements of the defendants' counsel at the October hearing, the bankruptcy court noted that defendants' counsel questioned whether a settlement existed at all because of his clients failure to fund. In these circumstances, the defendants did not suffer a denial of due process.

### III.

The parties entered an enforceable settlement and the bankruptcy court, acting within its power as a federal court, enforced this agreement with a judgment. Because we agree that the appellee was entitled to judgment as a matter of law, we AFFIRM.

---

[15]*Kupcho,* 792 F.2d at 528.

[16]Order of bankruptcy court, Record, volume 2 at 938.