NUMBER 13-00-155-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MARIA LUISA CANTU RENTERIA, Appellant,


v.



JOEL RENTERIA, Appellee.

___________________________________________________________________


On appeal from the 93rd District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 Appellant, Maria Renteria, appeals the division of property ordered
in her decree of divorce. She argues that she did not agree to the
decree and it is thus invalid. We hold her consent to the judgment is
not necessary and AFFIRM. 

 This divorce case was tried to the bench, and after the parties
rested, they were given additional time to submit evidence on
appellant's claimed right of reimbursement for the separate funds she
allegedly invested in the marital home. After a few weeks appellee
moved for judgment and had the motion set for hearing, with notice to
appellant.(1) She neither responded to the motion nor appeared for the
hearing. The trial court accordingly signed the proposed decree of
divorce. The decree does not bear her purported agreement or
signature.

 Appellant contends that the trial court erred in entering the decree
for two reasons. First she asserts that the court should not have
entered the judgment because she did not agree to it. This is not a
consent decree that required her agreement, but rather the result of a
contested trial on the merits. The consent of the litigant to the
judgment is not required. Cothron Aviation, Inc. v. Avco Corp., 843
S.W.2d 260, 263 (Tex. App.--Fort Worth 1992, writ denied) ("[C]onsent
is only required for an agreed judgment."). Her first point of error is
overruled. 

 Next, appellant asserts that the trial court did not enter a decree
based on the evidence adduced at trial. Appellant argues that the trial
court erred in failing to award her reimbursement for monies she claims
were expended on the couples' marital residence. 

 The evidence was conflicting. Appellant testified that she bought
the marital residence for $35,000, using $12,000 in separate property
funds to buy it. Appellee, Joel Renteria, testified that he provided
appellant $8,000 or $10,000 from his separate property to buy the
home. Neither party provided any evidence other than their own
testimony. In its decree the trial court awarded to each party an
undivided one-half interest in the home. Based upon the evidence the
trial court did no err in making this ruling. The trial court has broad
discretion in dividing the property in a divorce action. Butler v. Butler,
975 S.W.2d 765, 767 (Tex. App.--Corpus Christi 1998, no pet.). We
overrule the issue.

 We AFFIRM the judgment.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 14th day of December, 2000.

1. Appellant does not complain that she did not receive notice of the
hearing.