# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

─────────────

No. 15-30361

─────────────

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2016

Lyle W. Cayce
Clerk

In the Matter of: BOURBON SALOON, INCORPORATED, doing business as Mango Mango and Old Absinthe House, formerly known as Conti Management Group, Incorporated, formerly known as Dante's of Decatur, Incorporated, formerly known as Newport Corporation of Louisiana,

      Debtor

─────────────────────────────────────────────────────────────

BOURBON SALOON, INCORPORATED, doing business as Mango Mango and Old Absinthe House, formerly known as Conti Management Group, Incorporated, formerly known as Dante's of Decatur, Incorporated, formerly known as Newport Corporation of Louisiana,

      Appellant

v.

ABSINTHE BAR, L.L.C.,

      Appellee

─────────────────────────────────────────────────────────────

ABSINTHE BAR, L.L.C.,

      Appellant Cross-Appellee

v.

BOURBON SALOON, INCORPORATED, doing business as Mango Mango and Old Absinthe House, formerly known as Conti Management Group, Incorporated, formerly known as Dante's of Decatur, Incorporated, formerly known as Newport Corporation of Louisiana,

      Appellee Cross-Appellant

No. 15-30361

ANTHONY J. MACALUSO; YOUSEF SALEM; GOLDKING CAPITAL
MANAGEMENT, L.L.C.; ANTONIO C. ESTEVE; FIRST BANK AND TRUST
COMPANY; ENGLISH TURN PROPERTY OWNERS ASSOCIATION,
INCORPORATED; SYSCO NEW ORLEANS, L.L.C.; HILAL CHOGHARI;
FIRSTBANK ASSETS, L.L.C.; THOMAS BODNAR; KEVIN COCHRAN;
SUSANNE ZEILINGER; VAN JOSEPH; ROBERT JONES; SCOTT BRICK;
REGINALD LANDRY; DEREK ROBINSON; GARRIT SHAFER;
TERRENCE REED; THOMAS LARSON; HAYES THOMPSON; MADELIN
GROENHAGEN,

　　　　　　Appellees

---

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-395
USDC No. 2:14-CV-398

---

Before JONES, WIENER, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge: *

This case concerns a bankruptcy court's authority to grant a debtor's motion to assume a lease during Chapter 11 bankruptcy proceedings. Bourbon Saloon leased 400 Bourbon Street from Absinthe Bar. When Bourbon Saloon filed for relief under Chapter 11 of the Bankruptcy Code, it had outstanding monetary and nonmonetary defaults on the lease. Bourbon Saloon moved to assume the lease under 11 U.S.C. § 365(b). The two parties entered into an agreed order regarding assumption of the lease, and the bankruptcy court approved it. This order set a deadline for when Bourbon Saloon would cure

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30361

certain defaults.  When the deadline passed, Absinthe Bar filed a motion to reject the lease, which the bankruptcy court denied, holding that the lease was assumed by the agreed order.  The bankruptcy court also determined that Absinthe Bar was entitled to attorney's fees for expenses that occurred after the cure deadline.  The district court affirmed.  The district court also ordered the bankruptcy court to consider whether additional attorney's fees were warranted.  Absinthe Bar timely appealed, and Bourbon Saloon filed a cross-appeal challenging the grant of attorney's fees.  Concluding that the agreed order controls and the challenges to the attorney's fees are premature, we AFFIRM in part and DISMISS in part.

## I.

Absinthe Bar, LLC leased 400 Bourbon Street to Bourbon Saloon, Inc. in 1997.  The lease was for twenty-years and featured a twenty-year option to extend.  Bourbon Saloon was solely responsible for maintaining the premises.  Throughout the initial lease, Bourbon Saloon caused several maintenance and financial defaults.  Following several notices alerting Bourbon Saloon to these defaults, Absinthe Bar initiated eviction proceedings.  During the proceedings, Bourbon Saloon filed for relief under Chapter 11 of the Bankruptcy Code.

Bourbon Saloon filed a motion in the bankruptcy court to assume the lease.  Absinthe Bar opposed the motion, citing the lease defaults.  Under § 365(b) of the Bankruptcy Code, a debtor can assume a lease that is in default, subject to the court's approval, if the debtor (1) cures or provides adequate assurance that it will cure the default, (2) compensates or provides adequate assurance that it will compensate the lessor for any losses related to the default, and (3) provides adequate assurance of future performance.  11 U.S.C. § 365(b)(1).  The court confirmed Bourbon Saloon's Chapter 11 Plan of Reorganization on March 26, 2012, but Absinthe Bar and Bourbon Saloon

3

No. 15-30361

agreed to continue Bourbon Saloon's motion to assume following the confirmation.

The parties then entered into an agreed order on the motion to assume, which the bankruptcy court confirmed on May 15, 2012. According to this agreed order, Bourbon Saloon had cured all of its monetary defaults, but the court approved the hiring of a referee to determine the scope and allocation of responsibility for the remaining nonmonetary defaults. The court ordered that these defaults be cured on or before December 31, 2012. Importantly, the agreed order read: "Based on these findings, IT IS ORDERED that the Reorganized Debtor's assumption of the Lease of the premises at 400 Bourbon is approved, subject to the terms of this Order, which provide Absinthe Bar with adequate assurance of cure as required by Section 365 of the Bankruptcy Code." The order was silent as to whether it provided adequate assurance of future performance and compensation. The bankruptcy court maintained jurisdiction over enforcement of the order.

As of December 31, 2012, Bourbon Saloon had not cured the nonmonetary defaults. Absinthe Bar then filed a motion to reject the lease. The bankruptcy court responded by setting a hearing and extending Bourbon Saloon's deadline to cure the defaults. After the bankruptcy court heard both parties' arguments and received the referee's report, the bankruptcy court denied Absinthe Bar's motion for rejection. The bankruptcy court held that the lease was assumed by the agreed order and that Bourbon Saloon had adequately cured its defaults by substantially performing the requirements of the agreed order, but that Absinthe Bar was entitled to attorney's fees for the litigation related to the defaults that still remained after December 31, 2012. Absinthe Bar appealed to the district court.

On appeal to that court, Absinthe Bar argued that the lease was not assumed by the agreed order because the agreed order only addressed one of

the three requirements of § 365—it did not address the issues of compensation for pecuniary losses or adequate assurance of future performance. Instead, Absinthe Bar argued that the order was simply "the parties' contractual definition of how [Bourbon Saloon] could accomplish § 365(b)(1)(A) cure." Alternatively, Absinthe Bar argued that the deadlines contained in the agreed order were suspensive conditions, which were not met, and that the bankruptcy court erred by extending the deadline. Absinthe Bar also contended that the attorney's fees should not have been limited to the period following December 31, 2012. Bourbon Saloon cross-appealed, arguing that the bankruptcy court should not have granted attorney's fees at all. But Bourbon Saloon later filed a motion to voluntarily dismiss its cross-appeal on the ground that it was not timely.

The district court affirmed each of the bankruptcy court's rulings and denied Bourbon Saloon's motion to dismiss its cross-appeal. The district court also remanded for the bankruptcy court to consider whether Absinthe Bar was entitled to fees for the period before the lease was assumed. Absinthe Bar timely appealed and makes the same arguments to this court. Bourbon Saloon again filed a cross-appeal—this time arguing that the district court erred in affirming the bankruptcy court's grant of attorney's fees for the period following December 31, 2012 and in ordering the bankruptcy court to address the fees for the time preceding the May 15, 2012 agreed order. A previous panel of this court granted in part Absinthe Bar's motion to dismiss the cross-appeal, holding that the portion challenging the district court's remand was untimely.

## II.

### A.

"Bankruptcy court rulings and decisions are reviewed by a court of appeals under the same standards employed by the district court hearing the

No. 15-30361

appeal from bankruptcy court; conclusions of law are reviewed de novo, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed de novo." *Century Indem. Co. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir. 2000) (italics omitted).  A bankruptcy court's determination of adequate assurance of future performance and the ability to cure under § 365 is a fact-specific question.  *Tex. Health Enters. Inc. v. Lytle Nursing Home (In re Tex. Health Enters. Inc.)*, 72 F. App'x. 122, 126 (5th Cir. 2003); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1310 (5th Cir. 1985).  However, matters of contract interpretation are issues of law, which this court reviews de novo.  *Bayou Steel Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 642 F.3d 506, 509 (5th Cir. 2011).

**B.**

Absinthe Bar argues that the bankruptcy court erred by holding that Bourbon Saloon assumed the 400 Bourbon lease through the adoption of the May 15, 2012 agreed order.  Absinthe Bar makes two primary arguments: (1) the lease could not be assumed by the agreed order because it did not address two of § 365(b)'s three requirements for assumption of a lease in default; and (2) Bourbon Saloon failed to satisfy a suspensive condition of the agreed order by not meeting the deadline for cure.  "The Bankruptcy Code provides special rules for the treatment of executory contracts and unexpired leases during a Chapter 11 reorganization."  *Nat'l Gypsum Co.*, 208 F.3d at 504 (citing 11 U.S.C. § 365).  Under § 365(b), a debtor can choose to reject or assume an unexpired lease.  *See id.*  However, if the unexpired lease is in default, then the debtor can only assume the lease if three conditions are met.  Section 365 reads:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

6

No. 15-30361

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b). This subsection "affords the non-debtor a measure of protection, since it is possible that the contract is not beneficial to the non-debtor, and the non-debtor lacks any decision-making authority in the assumption process." *Nat'l Gypsum Co.*, 208 F.3d at 506.

Absinthe Bar argues that because the agreed order did not address § 365(b)(1)(B) and (C), Bourbon Saloon could not have assumed the lease through the order. Absinthe Bar is correct that all three requirements listed in § 365(b)(1) are conditions of assumption. *See Adventure Res., Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir. 1998). In addition, "strict adherence to the Code provisions governing assumption of contracts 'might appear overly simplistic, [but] it is important in that it allows a debtor in possession the flexibility intended by the Bankruptcy Code in deciding whether or not to assume or reject contracts or leases.'" *Nat'l Gypsum Co.*, 208 F.3d at 512

No. 15-30361

(alteration in original) (quoting *Walat Farms, Inc. v. United States* (*In re Walat Farms, Inc.*), 69 B.R. 529, 534 (Bankr. E.D. Mich. 1987)). However, assumption through court-approved agreed orders is common. *See, e.g., In re Allen*, 362 B.R. 866, 871 (Bankr. N.D. Ohio 2007) ("These objections are usually resolved by an agreed order clarifying and specifying treatment of the lease as either assumed or rejected."); *In re Pro Page Partners, LLC*, 270 B.R. 221, 226 n.1 (Bankr. E.D. Tenn. 2001) ("[The non-debtor] filed a motion to compel the debtor to assume or reject the [executory contract] although it was not necessary for the court to rule on the motion due to the parties' submission of the Agreed Order.").

The Bankruptcy Code does not provide any guidance for when assumption through an agreed order can occur. In addition, we are aware of no case requiring an agreed order to specifically address each of the requirements of § 365(b)(1). In fact, the only case cited by the district court and provided by Absinthe Bar on this issue suggests that assumption can occur even if the agreed order does not specifically address each § 365(b)(1) requirement. *See In re Leon's Casuals Co.*, 122 B.R. 768, 770 (Bankr. S.D. Ala. 1990) (enforcing assumption by agreed order even though the order "contain[ed] no reference to the Debtor's duty to cure prepetition defaults under the lease"). Moreover, Absinthe Bar had the opportunity to ensure that each of the three conditions of § 365(b) was satisfied before it entered into the agreed order, and it did not do so. In these circumstances, we decline to hold that an agreed order establishing assumption must explicitly address each of the obligations of § 365(b).

## C.

Absinthe Bar next argues that assumption did not occur through the adoption of the agreed order because the plain language of the order establishes that assumption would not occur until and unless Bourbon Saloon

8

met the conditions of the order by curing all defaults by December 31, 2012. Because the bankruptcy court found that the deadline was not met, Absinthe Bar argues that assumption could not have occurred. "When interpreting a consent decree, general principles of contract interpretation govern." *Dean v. City of Shreveport*, 438 F.3d 448, 460 (5th Cir. 2006). The parties have briefed the interpretation of the agreed order in terms of Louisiana law, and the bankruptcy and district courts followed suit. As an agreed order resolving a motion to assume or reject a lease, however, it seems at least equally likely that the courts should simply have applied a common sense reading of the order it approved. *See Houston v. Holder* (*In re Omni Video, Inc.*), 60 F.3d 230, 232 (5th Cir. 1995). Applying either Louisiana law or general principles of contract interpretation, however, the outcome is the same, as both instruct this court to first look to the express language of the contract. *See United States v. Chromalloy Am. Corp.*, 158 F.3d 345, 350 (5th Cir. 1998); *Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 180 (5th Cir. 2015). In addition, under both approaches, we consider the surrounding circumstances when determining the plain meaning of the contract's terms. *See Dean*, 438 F.3d at 460–61; La. Civ. Code art. 2053.

The plain language of the agreed order establishes that assumption occurred at the time it was entered: "Based on these findings, IT IS ORDERED that the Reorganized Debtor's assumption of the Lease of the premises at 400 Bourbon is approved, subject to the terms of this Order, which provide Absinthe Bar with adequate assurance of cure as required by Section 365 of the Bankruptcy Code." However, Absinthe Bar argues that a provision which follows—"all maintenance and repair defaults must be cured and work

completed on or before Dec 31, 2012"—is a condition that had to be met before assumption could occur.[1]

The express language of the agreed order does not compel such a conclusion. In bankruptcy court, when assumption occurs, the debtor becomes legally obligated to meet the conditions necessary to cure the defaults of the lease or executory contract. *See, e.g., Tag Invs. Ltd. v. Monaco* (*In re Monaco*), 514 B.R. 477, 486 (Bankr. W.D. Tex. 2014) ("By assuming the subcontracts, [the debtor] undertook both legal and practical obligations to pay the subcontractors."). "[A]ny claims arising from the debtor's failure to cure are entitled to first priority as administrative expenses of the bankruptcy estate." *Adventure Res. Inc.*, 137 F.3d at 793. Given this structure, the plain language of the agreed order ("the Reorganized Debtor's assumption of the Lease of the premises at 400 Bourbon is approved"), and Absinthe Bar's failure to present any evidence, upon inquiry by the bankruptcy court, showing an intent to treat the conditions of the agreed order as suspensive conditions, Absinthe Bar's argument fails. We hold that assumption occurred at the time the parties entered into the agreed order and that the remaining provisions of the order were conditions which Bourbon Saloon became legally obligated to meet under the supervision of the bankruptcy court.

## III.

Both Bourbon Saloon and Absinthe Bar challenge the bankruptcy court's grant of attorney's fees. The bankruptcy court awarded attorney's fees of an undisclosed amount for any litigation expense incurred "as a result of the post-petition litigation brought after the December 31, 2012 deadline to force the

---

[1] The Louisiana Civil Code defines such a condition as a suspensive condition. La. Civ. Code art. 1767. Louisiana courts disfavor finding suspensive conditions and will not infer a suspensive condition unless there is strong proof; "they do so only when the express language of the contract 'compels' such a construction." *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 622 (5th Cir. 2005).

No. 15-30361

debtor to finish remedying the nonmonetary defaults under the lease that was assumed by the Agreed Order." [2] The bankruptcy court classified the attorney's fees as administrative expenses of the estate. Bourbon Saloon argues that the attorney's fees were not proper because Absinthe Bar did not timely claim attorney's fees before the lease was assumed and did not show that it was entitled to the fees under the lease. Bourbon Saloon also argues that the fees should not be treated as an administrative expense because the bankruptcy court did not determine why the fees were necessary or why they benefited the estate. Conversely, Absinthe Bar argues that because assumption did not occur at the time of the agreed order and "attorney's fees should run from bankruptcy petition through assumption," the district court should not have limited the consideration of attorney's fees to before the order. These arguments are not properly before this court.

"While the district court may, under 28 U.S.C. § 158(a), review interlocutory orders of the bankruptcy court," our case law holds that "a district court's decision on appeal from a bankruptcy court's interlocutory order is not a final order for purposes of further appellate review unless the district court order in some sense 'cures' the nonfinality of the bankruptcy court order." *In re Wood & Locker, Inc.*, 868 F.2d 139, 142 (5th Cir. 1989). Although the bankruptcy court entered a judgment awarding attorney's fees for Absinthe Bar, it issued the award for an undetermined amount without specific instructions for determining that amount; therefore, that order was not final. *Zink v. United States*, 929 F.2d 1015, 1020 (5th Cir. 1991) ("[A] final judgment

---

[2] The bankruptcy court limited the fees awarded to those following December 31, 2012 for unexplained reasons. On appeal, the district court ordered the bankruptcy court to address whether Absinthe Bar was entitled to expenses associated with the default that occurred before May 15, 2012—when the parties entered into the agreed order. This order is not at issue in this case because a previous panel dismissed Bourbon Saloon's cross-appeal as to the district court's remand.

No. 15-30361

for money must, at least, determine, or specify the means for determining, the amount of the judgment." (quoting *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233–34 (1958))). Because we only have authority to review final orders under 28 U.S.C. § 1291, we dismiss Bourbon Saloon's cross-appeal and Absinthe Bar's challenge to the lower courts' limitation on the grant of attorney's fees.[3]

## IV.

Concluding that the agreed order controls and that the challenges to the attorney's fees are premature, we AFFIRM the district court's holdings as to lease assumption, and DISMISS without prejudice the appeal and cross-appeal challenging the award of attorney's fees.

---

[3] We also DENY Absinthe Bar's outstanding motions to strike portions of Bourbon Saloon's appendix and brief.

12