ACCEPTED
03-14-00515-CV
4682316
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/27/2015 6:08:15 PM
JEFFREY D. KYLE
CLERK

# No. 03-14-00515-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/30/2015 3:30:00 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS

## Salvatore Magaraci and Estate Protection Planning Corporation, *appellants*

## v.

## Eduardo S. Espinosa in his Capacity as Receiver of Retirement Value, LLC, *appellee*

On Appeal from the 419th District Court
Travis County, Texas

Tr. Ct. No. D-1-GN-14-001581

# APPELLANTS' BRIEF

Timothy A. Hootman
SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (f)
Email: thootman2000@yahoo.com

ATTORNEY FOR APPELLANTS, SALVATORE MAGARACI AND ESTATE PROTECTION PLANNING CORPORATION

**ORAL ARGUMENT REQUESTED**

1

# LIST OF PARTIES AND COUNSEL

This list of is broken into four Parts: (I) Summary of Parties and Abbreviations Used in Brief; (II) Parties and Counsel in Trial Court; (III) Parties and Counsel in This Appeal; and (IV) Parties and Counsel in Related Appeal.

## I. SUMMARY OF PARTIES AND ABBREVIATIONS USED IN BRIEF

The following is a summary of the parties, their names, and the abbreviations used in this brief:

**Plaintiff:** State of Texas ("**the State**")

**Receiver:** Edward S. Espinosa was appointed receiver of RETIREMENT VALUE LLC ("**the Receiver**")

**Primary defendants:** RETIREMENT VALUE LLC is the subject of the receivership ("**Retirement Value**")

Richard H. "Dick" Gary with Retirement Value ("**Mr. Gary**")

KIESLING, PORTER, KIESLING & FREE, PC ("**Kiesling-Porter**")

Bruce Collins with Kiesling, Porter ("**Mr. Collins**")

**Licensee defendants:** ESTATE PROTECTION PLANNING CORPORATION ("**Estate Protection**")

Salvatore Magaraci with Estate Protection ("**Mr. Magaraci**")

SENIOR RETIREMENT PLANNERS, LLC ("**Senior Retirement**")

James Poe with Senior Retirement (called "**Mr. Poe**")

Approximately 88 additional "licensees" were listed as defendants but their cases have been resolved and are not pending on appeal (called "**other Licensees**").

2

## II. PARTIES AND COUNSEL IN TRIAL COURT

| | |
|---|---|
| **Plaintiff:** | The State of Texas |
| **Counsel for plaintiff in trial court:** | Kara L. Kennedy, SBN 00787454<br>Jennifer S. Jackson, SBN 240600004<br>Assistant Attorneys General<br>OFFICE OF THE ATTORNEY GENERAL<br>Financial Litigation Division<br>300 W. 15th St, 6th Fl, P.O. Box 12548<br>Austin, TX 78711-2548<br>512.475.2540; 512.477.2348 (f) |

* * *

| | |
|---|---|
| **Receiver of Retirement Value, LLC:** | Eduardo S. Espinosa |
| **Counsel for receiver in trial court:** | Michael D. Napoli, SBN 14803400<br>K & L GATES LLP<br>1717 Main St, Ste 2800<br>Dallas, TX 75201<br>214.939.4927; 214.939.5849 (f)<br><br>R. James George, Jr., SBN 07810000<br>John W. Thomas, SBN 19856425<br>GEORGE & BROTHERS, LLP<br>114 W. Seventh, Ste 1100<br>Austin, TX 78701-3015<br>512.495.1400; 512.499.0094 (f) |

* * *

| | |
|---|---|
| **Primary defendants:** | RETIREMENT VALUE, LLC<br><br>Richard H. "Dick" Gary<br><br>KIESLING, PORTER, KIESLING & FREE, PC<br><br>Bruce Collins |
| **Counsel for primary defendants in trial court:** | Kevin F. Lee, SBN 12128350<br>THOMPSON, COE, COUSINS & IRONS<br>701 Brazos, Ste 1500<br>Austin, TX 78701<br>512.708.8200; 512.708.8777 (f)<br>(*for Richard H. "Dick" Gray*) |

3

Randy Howry, SBN 10121690
HOWRY BREEN, LLP
1900 Pearl St
Austin, TX 78705
512.474.7300; 512.474.8557 (f)
(*for Bruce Collins*)

Spencer C. Barasch, SBN 00789075
Matthew G. Nielsen, SBN 24032792
Ted Gilman, SBN 24002140
ANDREWS KURTH, LLP
1717 Main St, Ste 3700
Dallas, TX 75201
214.659.4614; 214.659.4794 (f)
(*for KIESLING, PORTER, KIESLING & FREE, PC*)

\* \* \*

| | |
|---|---|
| **"Licensee" defendants:** | Salvatore Magaraci ("**Mr. Magaraci**") and his company ESTATE PROTECTION PLANNING CORPORATION ("**Retirement Value**") |
| | James Poe **("Mr. Poe"**) and his company SENIOR RETIREMENT PLANNERS, LLC |
| | 88 additional "licensees" defendants were sued but their cases were resolved. (CR 1311-1331). |
| **Counsel for "licensee" defendants in trial court:** | R. James George, Jr., SBN 07810000<br>John W. Thomas, SBN 19856425<br>GEORGE & BROTHERS, LLP<br>114 W. Seventh, Ste 1100<br>Austin, TX 78701-3105<br>512.495.1400; 512.499.0094 (f) |
| | Bogdan Rentea, SBN 16781000<br>Nathan Leake, SBN 24046277<br>REATEA & ASSOCIATES<br>505 West 12th St, Ste 206<br>Austin, TX 78701<br>512.472.6291<br>512.472.6278 (f)<br>(*for Salvatore Magaraci and his company ESTATE PROTECTION PLANNING CORPORATION*) |

4

Robert L. Wright, SBN 22054300
4501 Blue Lake Ct.
Fort Worth, TX 76103
817.688.2846
(*for James Poe and his company SENIOR RETIREMENT PLANNERS, LLC*)

\* \* \*

## III.  PARTIES AND COUNSEL IN THIS APPEAL

| | |
|---|---|
| **Appellants:** | Salvatore Magaraci ("**Mr. Magaraci**") and his company ESTATE PROTECTION PLANNING CORPORATION ("**Retirement Value**") |
| **Counsel for appellants on appeal:** | Timothy A. Hootman, SBN 09965450<br>2402 Pease St<br>Houston, TX 77003<br>713.247.9548; 713.583.9523 (f)<br>Email: thootman2000@yahoo.com |
| **Appellee:** | Eduardo S. Espinosa in his Capacity as RECEIVER OF RETIREMENT VALUE, LLC |
| **Counsel for appellee on on appeal:** | R. James George, Jr., SBN 07810000<br>John W. Thomas, SBN 19856425<br>John R. McConnell, SBN 24053351<br>GEORGE, BROTHERS, KINCAID & HORTON, L.L.P.<br>114 W. Seventh, Ste 1100<br>Austin, TX 78701-3105<br>512.495.1400; 512.499.0094 (f) |

\* \* \*

## IV.  PARTIES AND COUNSEL IN RELATED APPEAL

There is currently pending in this Court cause number 03-14-00518-CV which is related to this appeal and raises one issue that is the same as the sole issue raised in this appeal.  The parties and lawyers in that appeal are as follows:

**Appellants:** James Poe ("**Mr. Poe**") and his company SENIOR RETIREMENT PLANNERS, LLC

**Counsel for appellants on on appeal in related case:** Scott Lindsey, SBN 24036969
ALDRICH PLLC
1130 Fort Worth Club Tower
777 Taylor St
Fort Worth, TX 76102
817.336.5601; 817.336.5297 (f)
Email: slindsey@aldrichpllc.com

# RELATED APPEALS

Currently pending in the Third Court of Appeals is cause number 03-14-00518 which was originally part of this case in the trial court. The cases were severed after the trial court made the substantive rulings that are challenged in both appeals. The sole issue raised in this case regarding the propriety of not allowing settlement credits is also raised in the related appeal. This Court's ruling in that regard would be dispositive of both appeals if the Court agrees with the appellants' arguments. The related appeal raises two additional fact-bound issues that are not raised in this case.

# TABLE OF CONTENTS

LIST OF PARTIES AND COUNSEL ........................................................................ 2

RELATED APPEAL ........................................................................................7

TABLE OF CONTENTS ................................................................................... 8

INDEX OF AUTHORITIES ................................................................................ 9

STATEMENT OF CASE .................................................................................. 10

ISSUE PRESENTED ...................................................................................... 11

STATEMENT OF FACTS ................................................................................ 12

SUMMARY OF ARGUMENT ............................................................................ 17

ARGUMENT AND AUTHORITIES ...................................................................... 18

PRAYER ................................................................................................... 25

CERTIFICATE OF WORD COUNT ..................................................................... 26

CERTIFICATE OF SERVICE ............................................................................ 27

APPENDIX 1 ...  Order granting partial summary judgment as to Retirement Value

APPENDIX 2 ................Order granting partial summary judgment as to Appellants

APPENDIX 3 ..............................................................................Final Judgment

APPENDIX 4 ...................................................................Settlement Agreement

# INDEX OF AUTHORITIES

**Cases:**

*AMX Enterprises, Inc. v. Bank One, N.A.*, 196 S.W.3d 202 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ...............................................22

*Crown Life Is. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000) ....................................22

*Dalworth Restoration, Inc. v. Rife-Marshall*, 433 S.W.3d 773 (Tex. App.—Fort Worth 2014, pet. denied) ...............................................18, 22, 23

*Drilex Systems, Inc. v. Flores*, 1 S.W.3d 112 (Tex. 1999) ..................................... 24

*Galle, Inc. v. Pool*, 262 S.W.3d 564 (Tex. App.—Austin 2008, pet. denied) ..................................................................................................18

*JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701 (Tex. 2008) .......................................22

*LaFreniere v. Fitzgerald*, 669 S.W.2d 117 (Tex. 1984) .........................................25

*Martin v. First Republic Bank, Fort Worth, N.S.*, 799 S.W.2d 482 (Tex. App.—Fort Worth 1990, writ denied) ...............................................19

*Mobile Oil Corp. v. Ellender,* 968 S.W.2d 917 (Tex. 1998) ....................... 23, 24, 25

*Osborne v. Jauregui, Inc.*, 252 S.W.3d 70 (Tex. App.—Austin 2008, pet. denied) .................................................................................................. 21

*Paschall v. Peevey*, 813 S.W.2d 710 (Tex. App.—Austin 1991, writ denied) .................................................................................................. 24

*Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1 (Tex. 1991) .............................. 20

*Utts v. Short*, 81 S.W.3d 822 (Tex. 2002) ...........................................................23

**Statutes:**

TEX. CIV. PRAC. & REM. CODE § 33.001 .................................................................22

TEX. CIV. PRAC. & REM. CODE § 33.002 ...................................................... 23, 24, 25

TEX. CIV. PRAC. & REM. CODE § 33.003 ................................................................23

TEX. CIV. PRAC. & REM. CODE § 33.012 ................................................................23

TEX. CIV. PRAC. & REM. CODE § 33.013 ................................................................23

# STATEMENT OF THE CASE

The State sued to have Retirement Value placed into receivership (CR 30-67, 1540). The appointed receiver sued the founders of Retirement Value for violation of the Texas Securities Act seeking injunctive and monetary relief (CR 9, 30-67).

The Receiver filed a motion for summary judgment against Retirement Value and its founders regarding the Securities Act allegations (CR 319-481, 820-1260), which was granted (CR 1307).

The Receiver sued Retirement Value's independent sales agents—including appellants—under the Fraudulent Transfer Act to recover judgment for the commissions they had received from the sale of securities made on behalf of Retirement Value (CR 1309-1411).

The Receiver filed a motion for summary judgment arguing Appellants are liable as a matter of law under the Fraudulent Transfer Act (CR 1429-1762, 1814-2367). Appellants filed a no-evidence motion for summary judgment arguing the Receiver's non-Fraudulent Transfer Act claims fail as a matter of law (CR 788-819). The trial court granted the Receiver's motion **and** Appellants' motion (CR 3217-3218).

A bench trial regarding the remaining damages issues was conducted (RR Vols. 1-4) after which final judgment was entered in favor of the Receiver (CR 3317-3320).

# ISSUE PRESENTED

Did the trial court properly determine settlement credits?

# STATEMENT OF FACTS

Retirement Value[1] sold millions of dollars in securities to over 900 investors (CR 30-67, 1540). The State believed that those sales violated the Texas Securities Act and therefore sued Retirement Value and various other defendants that operated Retirement Value (all of which are referred to herein jointly as Retirement Value) to place it into receivership, enjoin it from selling securities, and for a money judgment in the amount of $77 million to reimburse the investors for monies spent purchasing the securities (CR 31-67).

Mr. Espinosa was appointed receiver[2] (CR 9). In addition to alleging violations of the Securities Act, the pleadings assert theories of breach of fiduciary duty, conspiracy to breach fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract (CR 1335-1360). Mr. Espinoza filed a motion for partial summary judgment against Retirement

---

[1]    The complete names of the parties and an index to the abbreviations used in this brief are contained under the portion of this brief entitled "List of Parties and Counsel."

[2]    More specifically, the order of appointment states: "[Mr. Espinosa] is authorized to serve as Temporary Receiver for the company, assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description ... of Retirement Value ... and for assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description ... of [Mr. Gray or Mr. Collins] as appear to the Receiver to contain or be derived from proceeds of Defendants' sale of securities or used in furtherance thereof." (CR 9, 48-52).

Value (CR 319-481, 820-1260) and responses were filed (CR 1261-1270, 1271-1294). The trial court granted the motion in part, stating:

> The court grants the motion in part concluding that Retirement Value engaged in fraud or fraudulent practices in the course of selling unregistered securities, and thereby violated section 32(A) of the Texas Securities Act (the "Act"). Further, pursuant to section 32(B) of the Act, the court orders Retirement Value to make restitution in the amount of 77.6 million to persons who purchased the unregistered securities (CR 1307-1308).

In his "Eighth Amended Cross-Claim and Third-Party Claim," the Receiver sued the independent sales agents that had received commissions from Retirement Value for sales of the securities to various investors[3] alleging joint and several liability along with the other Retirement Value defendants (CR 1309-1411). The pleadings alleged a common scheme to commit securities violations and asserted theories as to all defendants of breach of fiduciary duty, conspiracy to breach fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract (CR 1309-1411).

---

[3]    In this regard, the Receiver explained in his affidavit:

> "My investigation has revealed that Retirement Value sold participations in its RSLIP program through a network of agents called "Licensees." The Licensees received commissions of up to 18% on each sale they made. Some of the Licensees recruited "Sub-licensees" who worked under them in a pyramid-type sales organization. The Licensees received override commissions on the sales of the Sub-licensees below them. The Licensees played a vital role in the Retirement Value scheme, as they were the ones who convinced the victims to invest. There would be no victims, but for the acts of the Licensees." (CR 1658).

13

There were 90 or so sales agents made defendants to the secondary case, including Mr. Magaraci and his company[4] (CR 1335-1360).

The Receiver filed a motion for partial summary judgment against the licensee sales agents—including Mr. Magaraci—arguing they are liable as a matter of law under the Fraudulent Transfer Act for damages and attorney's fees (CR 1429-1762, 1814-2367). Attached to the Receiver's motion for partial summary judgment are requests for admissions which Mr. Magaraci and his company did not answer (CR 2333-2336). Mr. Magaraci adopted the response filed by other licensee sales agents (CR 2368-2807, 2816) and filed a separate response (CR 2808-2835). Mr. Magaraci also filed a no-evidence motion for summary judgment arguing the Receiver's theories of breach of fiduciary duty, conspiracy to breach fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract fail as a matter of law (CR 788-819). The Receiver filed a response (CR 3197-3209).

On February 21, 2013, the trial court granted the Receiver's motion **and** the motion filed by Mr. Magaraci (CR 3217-3218). The order states:

> The Court grants the Receiver's Motion for Partial Summary Judgment as to Licensee Defendants on the Receiver's claims under the Texas Uniform Fraudulent Transfer Act ("TUFTA") as to liability, damages and attorney's fees against ... Estate Protection Planning Corp....

---

[4] When "Mr. Magaraci" is referred to herein the intent is to refer to both Mr. Magaraci and his company.

14

> The Court grants the Receiver's Motion for Partial Summary Judgment as to Licensee Defendants on the Receiver's claims under the Texas Uniform Fraudulent Transfer Act as to liability and attorney's fees against ... Salvatore Magaraci.... At the hearing, the court asked counsel for the parties to get together and attempt to reach a stipulation as to the amount of commissions these defendants directly or through their companies or employers relating to Retirement Value with the understanding that judgment would be entered against them as damages for the TUFTA claims.
>
> The Court grants the motions for summary judgment filed by Estate Planning & Protection Services [and Mr.] Magaraci ... as to the Receiver's claims of breach of fiduciary duty, conspiracy to breach fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract (CR 1973-1974).

Thus the remaining issues to be resolved by trial or settlement were damages and attorney's fees. In this regard, the parties stipulated that Mr. Magaraci received $271,658.55 in commissions (CR 3257). An accountant retained by the Receiver testified that Estate Planning was paid $388,589.11 in commissions (CR 1659-1662). Also, the Receiver and the primary defendants reached a settlement whereby the Receiver would give a release of all claims in exchange for $5.5 million in unallocated funds. *See* Aplt. Appx. 4; (RR 2/11).

Mr. Magaraci, along with the other nonsettling defendants, filed a motion arguing that under the one-satisfaction rule he should receive credit for the settlement with the nonsettling defendants, which would result in a take nothing judgment (CR 1763-1813, 3233, 3240; RR 2/18). In

15

response, the Receiver argued the settlement should not be credited to Mr. Magaraci or the other nonsettling defendants (CR 3247-3252). The trial court addressed these arguments at trial, at which time additional arguments were heard (RR 2/13-38). The trial court refused to give any credit to the nonsettling defendants for the settlement by the settling defendants (CR 3317-3320; RR 2/13-38).

The trial court signed a final judgment against Mr. Magaraci stating (1) Mr. Magaraci and his company are jointly and severally liable to the Receiver for $271,658.55 in actual damages, and $101,871.96 in attorney's fees, with interest and costs; (2) Estate Planning is individually liable to the Receiver for an additional $116,930.56 in actual damages, and "reasonable and necessary attorney's fees of $43,848.96 which is 37.5% of actual damages awarded," with interest and costs; and (3) Mr. Magaraci and his company are jointly and severally liable to the Receiver for appellate attorney's fees in the amount of $7,142.86 if an appeal is taken to the court of appeals, $2,142.86 if a petition for review is filed in the Supreme Court, and $4,285.71 if the a petition for review is granted by the Supreme Court (CR 3317-3320).

The trial court also signed an order severing the Receiver's claims against Mr. Magaraci from the remaining parties (CR 3321-3324).

16

# SUMMARY OF ARGUMENT

Mr. Magaraci (and his company), as nonsettling defendants, are entitled to credit for the settling defendants $5.5 million settlement. When Mr. Magaraci established that the settlement occurred, the burden shifted to the Receiver to show that he will not receive a double recovery by a judgment against Mr. Magaraci and his company. Because the Receiver established only the amounts of commissions received by Mr. Magaraci and his company (which were much lower than the settlement), he did not to meet his burden of rebuttal.

A plaintiff must establish the amount of damages it suffered to meet its burden of proving that it will not receive a double recovery from the settlement with a settling defendant and a judgment against a nonsettling defendant. Here, the Receiver did not establish its amount of damages and therefore it is presumed that the settlement with the nonsettling defendants made the Receiver whole. Thus, reversal and rendition is in order.

# ARGUMENT AND AUTHORITIES

*The proper standard of review.*

Where there are no factual disputes underlying a trial court's determinations on settlement credits, the review on appeal is de novo. *Galle, Inc. v. Pool*, 262 S.W.3d 564, 570 n. 3 (Tex. App.—Austin 2008, pet. denied); *but see Dalworth Restoration, Inc. v. Rife-Marshall*, 433 S.W.3d 773, 780 (Tex. App.—Fort Worth 2014, pet. denied) (stating that an abuse of discretion standard of review is applied on appeal regarding a trial court's settlement credit determination).

\* \* \*

| |
|---|
| **Issue:** Did the trial court properly determine settlement credits? |

The trial court granted a partial summary judgment against Retirement Value (CR 1307-1308) and a separate partial summary judgment against Mr. Magaraci and his company (CR 1973-1974). These partial summary judgments were incorporated into the final judgment after trial on the remaining issues of damages and settlement credits (CR 3317-3320). Of course, the partial summary judgment against Retirement Value is not applicable to Mr. Magaraci because it is directed only at Retirement Value. More to point, the partial summary judgment against

18

Mr. Magaraci was only on the issue of liability under the Fraudulent Transfer Act, not as to liability under the Securities Act, and not as to the amount of damages (CR 1973-1974). After a partial summary judgment is granted, the issues it decides cannot be litigated further in the trial. *Martin v. First Republic Bank, Fort Worth, N.S.*, 799 S.W.2d 482, 488-89 (Tex. App.—Fort Worth 1990, writ denied). Thus the Receiver was required to present evidence at trial proving the remainder of the allegations contained in his pleadings, including the amount of damages, to be entitled to the final judgment that the trial court ultimately entered.

The Receiver's pleadings assert the same legal theories of recovery against all defendants, assert that all defendant's engaged in factually the same illegal scheme, and assert that all defendants are jointly and severally liable for the same damages caused to the plaintiff in the amount of $77 million (CR 1309-1411). The partial summary judgment orders against Retirement Value and the sales agents conclude that they are all liable under the Fraudulent Transfer Act (CR 1307-1308; 1973-1974). After the summary judgment orders were signed, the remaining issues were the amount of damages and attorney's fees. Because the Receiver settled with Retirement Value for $5.5 million, the question also arose of what, if any, credits the sales agent defendants receive for the settlement with the primary defendants.

19

At trial, the Receiver never established what amount of damages were suffered by the State or the investors—the only damages that were established by the Receiver were the amounts received as commissions by the sales agent defendants. In Mr. Magaraci's case the amount of commissions established by stipulation was $271,658.55 (CR 3257). The Receiver's accountant testified that the total commission by Mr. Magaraci and his company was $388,589.11 (CR 1659-1662) and from this the trial court reasoned that the damages caused by Mr. Magaraci were $271,658.55 and the damages caused by his company were $101,871.96 (CR 3317-3320). The trial court's reasoning in this regard is obviated by looking at the final judgment which awards these amounts to the Receiver; 271,658.55 + 101,871.96 = 388,589.11 (CR 3317-3320).

In the end, the trial court gave no settlement credits to the nonsettling defendants for the $5.5 million paid by the settling defendants even though the Receiver did not establish the damages beyond the commissions paid (CR 3317-3320). This was error on the part of the trial court for the following reasons.

Under the one-satisfaction rule, a trial court may not render a judgment that would allow a double recovery. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex. 1991) ("There can be but one recovery for one injury, and the fact that more than one defendant may have caused the injury or that there may be more than one theory of liability, does not

20

modify this rule."). Thus, a plaintiff is only entitled to one recovery for a particular harm, and must elect a single remedy if the trier of fact has awarded more than one; and any award must be reduced by the amount of any settlements the plaintiff has received from other entities for the same injury. This Court has said of the one-satisfaction rule and explained its application as follows:

> [It is] the longstanding proposition that a plaintiff should not be compensated twice for the same injury. The rule guards against a plaintiff receiving a windfall by recovering an amount in court that covers the plaintiff's entire damages, but to which a settling defendant has already partially contributed. The plaintiff would otherwise be recovering an amount greater than the trier of fact has determined would fully compensate for the injury. The one-satisfaction rule applies both when several defendants commit the same act and when multiple defendants commit technically different acts that result in the same, single injury. The application of the rule is not limited to tort claims, and whether the rule may be applied depends not on the cause of action asserted but rather the injury sustained. Thus, if the plaintiff has suffered only one injury, even if based on overlapping and varied theories of liability, the plaintiff may only recover once; this is especially true if the evidence supporting each cause of action is the same.

*Osborne v. Jauregui, Inc.*, 252 S.W.3d 70, 75 (Tex. App.—Austin 2008, pet. denied) (op. on reh'g) (en banc) (quotations marks and citations omitted).

The one-satisfaction rule applies when multiple defendants commit the same act, or when multiple defendants commit "technically different acts" that result in the same, single injury regardless of the absence of tort

21

liability. *AMX Enterprises, Inc. v. Bank One, N.A.*, 196 S.W.3d 202, 206 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Moreover, a nonsettling defendant may only claim credit based on damages for which all tortfeasors are jointly liable. *Crown Life Is. Co. v. Casteel*, 22 S.W.3d 378, 391 (Tex. 2000).

The Texas legislature has weighed in on the policy behind the one-satisfaction rule with the Proportionate Responsibility Act. TEX. CIV. PRAC. & REM. CODE § 33.001 *et. seq.* The Proportionate Responsibility Act "applies to ... any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." *Id.* at § 33.002(a)(1); *see also JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 704 (Tex. 2008); *Dalworth Restoration, Inc.*, 433 S.W.3d at 780. Under the Act, the trier of fact must find causation as to a particular party so that it can then apportion causation to that party. When a party is found to be responsible as a matter of law, the Act is still applicable and the trial court should only enter judgment according to the proportionate responsibility of each party and according to their degree of causation. Under the Act, the question begins with determining the exact amount of damage that was suffered by the plaintiff. Next, a determination of whether the damage suffered by the plaintiff is the same damage attributable to all defendants must be made. If it is, proportionate responsibility of each defendant that caused the

22

damage must be determined. TEX. CIV. PRAC. & REM. CODe § 33.003(a).
Next, settlement amounts must be ascertained. *Id.* at § 33.012(b). And
finally, entry of judgment is possible. *Id.* at § 33.013.[5]

A burden-shifting framework is applied to determine if a nonsettling
defendant is entitled to a settlement credit under chapter 33. *Mobile Oil
Corp. v. Ellender*, 968 S.W.2d 917, 926-29 (Tex. 1998); *see also Utts v.
Short*, 81 S.W.3d 822, 829 (Tex. 2002). First, the defendant that seeks the
credit must prove the settlement's amount by placing some evidence of the
settlement amount in the record. *Mobile Oil Corp.*, 968 S.W.2d at 927.
Once the defendant meets its burden to prove the settlement's amount, the
burden shifts to the plaintiff to show that it will not receive a double
recovery from the settlement and a judgment against the nonsettling
defendant. *Id.* at 928. The plaintiff must meet this burden by offering into
evidence a written settlement agreement allocating damages to each cause
of action, and in doing so may not rely on evidence extrinsic to the
settlement agreement. *Id.* at 928-29; *see also Dalworth*, 433 S.W.3d at
781. The rationale of this burden shifting procedure is that the plaintiff is

---

[5] *See also Utts*, 81 S.W.3d at 829 (stating that it is the trial court's duty
at entry of judgment to determine how the settlement credits should be
applied once the jury determines the damages and the apportionment on
causation among the defendants); *Mobile Oil Corp.,* 968 S.W.2d 917 at 928
(stating that where there is settlement covering some or all damages
awarded in judgment, section 33.012 requires trial court to reduce
judgment accordingly); *Dalworth Restoration*, 433 S.W.3d at 781 (stating
trial court has mandatory duty to apply settlement credits).

in the best position to provide proof of allocation of damages. *Mobile Oil Corp.*, 968 S.W.2d at 928. Chapter 33 applies to any scenario where a plaintiff seeks joint and several liability.[6]

Here, Mr. Magaraci met his initial burden by showing that a settlement in the amount of $5.5 million was entered into by the settling defendants and the Receiver. This shifted the burden to the Receiver to show that he will not receive a double recovery by a judgment against Mr. Magaraci and his company. *Id.* at 226-29. Because the Receiver only established the amounts of commissions received by Mr. Magaraci and his company, he has failed to meet his burden. *Id.* The amount of commissions is, obviously, less than the amount of the settlement. There was no evidence put on as to the amount of damages suffered by the Receiver and therefore no basis upon which the trial court could apply

---

[6] *See, e.g., Drilex Systems, Inc. v. Flores*, 1 S.W.3d 112, 122-23 (Tex. 1999) (In determining how to allocate settlement money as credit against claims of family members arising out of injury to one member of family, court must view entire family as one claimant for section 33.012(b) purposes. Total of all damages to be recovered by family must be reduced by total of all settlements received by family. Then, to give effect to jury verdict, remaining damages should be allocated among parties seeking recovery based on each party's percentage of total verdict awarded to claimant by jury.); *Paschall v. Peevey*, 813 S.W.2d 710 (Tex. App.—Austin 1991, writ denied) (When plaintiff sues several defendants and alleges different types of damages, credit against verdict given to nonsettling defendant must be for those damages common to settling and nonsettling defendants. Personal injury plaintiff cannot prohibit nonsettling defendant from taking dollar-for-dollar credit against judgment in amount of joint tortfeasor's settlement by designating settlement as for pain and suffering and then seeking damages at trial for physical impairment. All personal injury damages are common damages).

Chapter 33 of the Proportionate Responsibility Act. Because Chapter 33 applies to this case, establishing the amount of damages suffered by a plaintiff is a precondition for the plaintiff to be able to meet its burden under the *Mobile Oil Corp.* burden-shifting procedure. Therefore, the Receiver has failed to show that it will not receive a double recovery from the settlement and a judgment against Mr. Magaraci and his company, and the trial court was in error concluding otherwise. The trial court should have entered a take nothing judgment.

Additionally, because the attorney's fee awards against Mr. Magaraci and his company are based on the trial court's erroneous conclusion that a money judgment was proper, those awards should also be set aside. *LaFreniere v. Fitzgerald*, 669 S.W.2d 117, 119 (Tex. 1984).

In short, this Court should reverse and render judgment in favor of Mr. Magaraci and his company, Estate Protection Planning Corporation.

# PRAYER

Accordingly, appellants, Salvatore Magaraci and Estate Protection Planning Corporation, pray that this Court reverse and render, or alternatively, reverse and remand for a new trial or for entry of a different judgment.

Respectfully submitted,

 /s/Timothy A. Hootman
Timothy A. Hootman
SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (fax)
Email: thootman2000@yahoo.com

ATTORNEY FOR APPELLANT, SALVATORE MAGARACI AND ESTATE PROTECTION PLANNING CORPORATION

# CERTIFICATE OF WORD COUNT

I hereby certify that, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure, that the number of words contained in this document are 4,989 according to the computer program used to prepare this document.

Dated: March 27, 2015.

/s/Timothy A. Hootman
Timothy A. Hootman

26

# CERTIFICATE OF SERVICE

I hereby certify that, in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, I have served the forgoing document upon the following attorneys by personal mail, by commercial delivery service, or by fax:

> John W. Thomas
> GEORGE, BROTHERS, KINCAID & HORTON, LLP
> 114 West 7th St, Ste 1100
> Austin, TX 78701

Dated: March 27, 2015.

/s/Timothy A. Hootman
Timothy A. Hootman

# Appendix 1

(Order granting partial summary judgment as to Retirement Value)

☺

DC BK13057 PG976

CAUSE NO. D-1-GV-10-000454

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | |
| RETIREMENT VALUE, LLC, RICHARD H. "DICK" GRAY, HILL COUNTRY FUNDING, LLC, HILL COUNTRY FUNDING, and WENDY ROGERS, | § § § § § § | |
| Defendants, | § § | TRAVIS COUNTY, TEXAS |
| and | § § | |
| JAMES SETTLEMENT SERVICES, LLC, et al., | § § § | |
| Third Party Defendants. | § § | 126ᵀᴴ JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT RETIREMENT VALUE, LLC

CAME ON TO BE HEARD on this 7th day of January, 2013, Plaintiff's Motion for Partial Summary Judgment against Defendant Retirement Value, LLC ("the Motion").

Having heard the arguments of counsel, reviewed the Motion and responses, and considered the evidence, the Court GRANTS the Motion in part, and DENIES the Motion in part.

The court GRANTS the motion in part upon concluding that Retirement Value engaged in fraud or fraudulent practices in the course of selling unregistered securities, and thereby violated section 32(A) of the Texas Securities Act (the "Act). Further, pursuant to section 32(B) of the Act, the court orders Retirement Value to make restitution in the amount of $77.6 million to persons who purchased the unregistered securities.

Any relief sought by the Motion that is not herein granted is DENIED.

Signed this 21 day of February, 2013.

THE HONORABLE GISELA D. TRIANA
JUDGE PRESIDING

# Appendix 2

(Order granting partial summary judgment as Appellants)

☺

DC          BK13346 PG1739

Filed in The District Court
of Travis County, Texas

ES DEC 11 2013

At _____353_____ M.
Amalia Rodriguez-Mendoza, Clerk

CAUSE NO. D-1-GV-10-000454

| | | |
|---|---|---|
| STATE OF TEXAS, *Plaintiff*, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| RETIREMENT VALUE, LLC, *ET AL* *Defendants*, | § § § § | TRAVIS COUNTY, TEXAS |
| AND | § § | |
| JAMES SETTLEMENT SERVICES, LLC, *ET. AL.* *Third-Party Defendants* | § § § § | 126th JUDICIAL DISTRICT |

## ORDER ON RECEIVER'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LICENSEE DEFENDANTS

On the 30th day of October, 2013, came on for consideration the Receiver's Motion for Partial Summary Judgment as to Licensee Defendants and Supplement to his Motion for Partial Summary Judgment as to Third-Party Defendants' Deemed Admissions; and Licensees Estate Planning &Protection Services, Salvatore Magaraci, Niche Investments, Damien Pechacek, Shawn Cornett, Greg Chick, Alternative Solutions Insurance, Kenneth Franco, PC&S, James Poe, Senior Retirement Planners, David Rice, Dan Levin and Scott Schroeder's Motions for No-Evidence Motions for Summary Judgment as to All Claims of the Receiver. Having considered the motions and responses, the Court orders as follows:

1. The Court grants the Receiver's Motion for Partial Summary Judgment as to Licensee Defendants on the Receiver's claims under the Texas Uniform Fraudulent Transfer Act ("TUFTA") as to liability, damages and attorney's fees against Senior Retirement Planners, LLC, Estate Protection Planning Corp., Niche Investment Group, LLC, PC&S, LLC, David Rice, Kenneth Franco and Alternative Solutions Insurance Services, Inc.

1

2. The Court grants the Receiver's Motion for Partial Summary Judgment as to Licensee Defendants on the Receiver's claims under the Texas Uniform Fraudulent Transfer Act as to liability and attorney's fees against Scott Schroeder, Dan Levin, James Poe, Salvatore Magaraci, Damien Pechacek, Shawn Cornett, and Greg Chick. At the hearing, the court asked counsel for the parties to get together and attempt to reach a stipulation as to the amount of commissions these defendants received directly or through their companies or employers relating to Retirement Value with the understanding that judgment would be entered against them as damages for the TUFTA claims.

3. The Court grants the motions for summary judgment filed by Estate Planning & Protection Services, Salvatore Magaraci, Niche Investments, Damien Pechacek, Shawn Cornett, Greg Chick, Alternative Solutions Insurance, Kenneth Franco, PC&S, James Poe, Senior Retirement Planners, David Rice, Dan Levin and Scott Schroeder as to the Receiver's claims of breach of fiduciary duty, conspiracy to breach fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract.

4. All other relief requested in these motions for summary judgment listed above is

DENIED.

Signed this _10_ day of ~~November~~ December, 2013

_____
The Honorable Gisela D. Triana,
Judge Presiding

-2-

# Appendix 3

(Final Judgment)



Notice sent: (Final) Interlocutory None
Disp Parties: All
Disp code: CVD / CLS 4615
Redact pgs:
Judge GDT   Clerk RT

DC          BK14155 PG1196

D-1-GN-14-001581

Filed in The District Court
of Travis County, Texas

MAY 28 2014 BH
At        4:00 P    M.
Amalia Rodriguez-Mendoza, Clerk

CAUSE NO. _____

| | | |
|---|---|---|
| EDUARDO S. ESPINOSA, | § | IN THE DISTRICT COURT |
| IN HIS CAPACITY AS | § | |
| RECEIVER OF RETIREMENT | § | |
| VALUE, LLC, | § | |
| *Plaintiff,* | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| SALVATORE MAGARACI, and | § | |
| ESTATE PROTECTION PLANNING | § | |
| CORPORATION | § | |
| *Defendants.* | § | 419th JUDICIAL DISTRICT |

## JUDGMENT AS TO DEFENDANTS SALVATORE MAGARACI AND ESTATE PROTECTION PLANNING CORPORATION

On the 30th day of October, 2013, came on to be heard Receiver's Motion for Partial Summary Judgment as to Licensee Defendants, Receiver's Motion for Partial Summary Judgment as to Certain Licensee Defendants with Deemed Admissions, and Receiver's Motion for Partial Summary Judgment as to Certain Licensee Defendants with No Responses Filed. The Court granted the Receiver's Motion for Partial Summary Judgment in all respects as to Estate Protection Planning Corporation. The Court granted the Motion for Partial Summary Judgment as to liability and attorney's fees on the Receiver's claims asserted under the Texas Uniform Fraudulent Transfer Act ("TUFTA") as to Salvatore Magaraci, and the amount of damages was determined at trial.

On the 18th and 19th of February, 2014 came on to be heard trial in Cause No. D-1-GV 10-000454 *State of Texas v. Retirement Value, et al.* in the 126th Judicial District Court, Travis County Texas. The Court, having considered the pleadings, the evidence, and the arguments of counsel, and noting the Court's orders granting the motions for

1.

3317

partial summary judgment as described above, is of the opinion that judgment should be rendered for Eduardo S. Espinosa, Receiver of Retirement Value, LLC ("Receiver") against Third-Party Defendants Estate Protection Planning Corporation and Salvatore Magaraci. It is, therefore ORDERED AND ADJUDGED as follows:

The Court hereby RENDERS judgment for Eduardo S. Espinosa, in his capacity as Receiver of Retirement Value, LLC ("Receiver") against Third-Party Defendants Estate Protection Planning Corporation and Salvatore Magaraci ("Defendants").

The Court finds that the Receiver is entitled to actual damages, pre-and post-judgment interest and court costs. In addition, the Receiver is entitled to reasonable and necessary attorney's fees pursuant to Section 24.013 of the Texas Business & Commerce Code.

Accordingly, the Court orders that the Receiver recover the following:

1.      From Estate Protection Planning Corporation and Salvatore Magaraci, jointly and severally, $271,658.55 in actual damages, prejudgment interest from August 12, 2011 at a rate of 5% until the date of this judgment, court costs, and post judgment interest on the above from today until paid at a rate of 5% compounded annually. In addition, the Receiver shall also recover from Estate Protection Planning Corporation and Salvatore Magaraci, jointly and severally, reasonable and necessary attorney's fees of $101,871.96, which is 37.5% of actual damages awarded. Post judgment interest shall also accrue on the award of attorney's fees from today until paid at a rate of 5% compounded annually.

2.      In addition to the foregoing, the Receiver shall recover from Estate Protection Planning Corporation individually, an additional $116,930.56 in actual

2

3318

damages, prejudgment interest from August 12, 2011 at a rate of 5% until the date of this judgment, court costs, and post judgment interest on the above from today until paid at a rate of 5% compounded annually. In addition, the Receiver shall also recover from Estate Protection Planning Corporation, individually, reasonable and necessary attorney's fees of $43,848.96 which is 37.5% of actual damages awarded. Post judgment interest shall also accrue on the award of attorney's fees from today until paid at a rate of 5% compounded annually.

The Court further orders that if one or more Defendants herein unsuccessfully appeal this judgment to an intermediate court of appeals, the Receiver will additionally recover from such Defendants, jointly and severally, the amount of $7,142.86, representing the anticipated reasonable and necessary fees and expenses that would be incurred by the Receiver in defending the appeal.

The Court further orders that if one or more Defendants herein unsuccessfully appeal this judgment to the Texas Supreme Court, the Receiver will additionally recover from such Defendants, jointly and severally, the amount of $2,142.86 in the event a petition for discretionary review is filed but the Texas Supreme Court denies review, or $4,285.71 in the event a petition for discretionary review is filed and the Texas Supreme Court grants review. Such amounts represent the anticipated reasonable and necessary fees and expenses that would be incurred by the Receiver in defending the appeal.

This judgment in this newly-severed cause is final, disposes of all claims and all parties, and is appealable.

All relief not expressly granted herein is denied.

3

3319

SIGNED on the __28__ day of __May__, 2014.

_Gisela D Triana_
Honorable Judge Gisela Triana

APPROVED AS TO FORM ONLY:

_____
Bogdan Rentea
Attorney for Salvatore Magarci and Estate
Protection Planning Corp.

4

# Appendix 3

(Settlement Agreement)



CAUSE NO. D-1-GV-10-000454

| | | |
|---|---|---|
| STATE OF TEXAS,<br>    *Plaintiff,*<br><br>v.<br><br>RETIREMENT VALUE, LLC,<br>ET AL.,<br>    *Defendants,*<br><br>JAMES SETTLEMENT SERVICES, LLC,<br>ET AL.<br>    **Third-Party Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br><br><br>TRAVIS COUNTY, TEXAS<br><br><br>126th JUDICIAL DISTRICT |

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ("Agreement") is made and entered into by and between Retirement Value, LLC ("RV"), Hill Country Funding, LLC (Texas), Hill Country Funding, LLC (Nevada) (the two Hill Country Funding entities are collectively referred to as "HCF"), Eduardo S. Espinosa in his capacity as Receiver of RV ("Espinosa"), Janet Mortenson in her capacity as the Special Receiver for RV ("Mortenson"), Don Taylor in his capacity as the Receiver for HCF ("Taylor"), and the State of Texas (collectively "Plaintiffs") and Third Party Defendants Ronald James, Donald James, and James Settlement Services, LLC (collectively, the "James Parties") and Michael Beste ("Beste").

WHEREAS, Plaintiffs (except for Mortenson) asserted various claims against the James Parties and Beste in a lawsuit styled *State of Texas v. Retirement Value, LLC, et. al.*, Cause No. D-1-GV-10-000454, in the 126th District Court, of Travis, County, Texas (the "Cause No. D-1-GV-10-000454");

WHEREAS, the James Parties and Beste deny having any liability for those claims; and

WHEREAS, the James Parties and Beste brought cross-claims and counter-claims against various parties; and

WHEREAS, Plaintiffs, the James Parties and Beste desire to avoid further litigation, preparation and expense; to terminate all past, present and potential controversies between Plaintiffs, the James Parties and Beste that were brought and/or that could have been brought in Cause No. D-1-GV-10-000454, and that arise out of all operations and activities of RV or HCF, against each other and all of their respective counsel, agents, etc. with prejudice; and

WHEREAS, Plaintiffs, the James Parties and Beste have agreed to resolve all claims that they have or may have against each other which were or could have been asserted in the Lawsuit, and that arise out of all operations and activities of RV or HCF, without admission by any party of the merits of the claims, demands, charges, and/or contentions of the others; and



EXHIBIT<br>5<br>2023

WHEREAS, Plaintiffs, the James Parties and Beste covenant and warrant that they have not assigned, transferred, or subrogated any portion of any claim which they have against each other, other than to their attorneys of record, and further warrant that the undersigned are authorized to act in the capacities indicated:

NOW, THEREFORE, in consideration of the mutual promises and the covenants set forth herein, other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in full compromise, release, settlement, accord and satisfaction, and discharge of all claims or causes of action, known or unknown, which were brought and/or that could have been brought in the Lawsuit, and that arise out of all operations and activities of RV or HCF, Plaintiffs, the James Parties and Beste covenant and agree as follows:

1.  Monetary Consideration. Ronald James, Donald James, James Settlement Services, LLC ("JSS") and Michael Beste ("Beste") agree to pay Espinosa $3.4 million on or before April 25, 2013, and an additional $1.1 million on or before July 31, 2013, and an additional $1 million on or before October 31, 2013. The James Parties and Beste will receive a $100,000.00 discount off of the October payment if the payment is made by July 31, 2013, to be applied pro-rata to any amount of early payment less than the full $1 million. The payments shall be made by wire transfer to the IOLTA trust account of George & Brothers, LLP. Wiring or routing instructions will be provided to counsel for the James Parties by counsel for the Receiver reasonably promptly after the execution of this Agreement. Attorneys for Espinosa, George, Brothers Kincaid & Horton, LLP, agree to hold any payment in trust until the trial court judge approves this settlement. This settlement is expressly conditioned on and subject to court approval. In the event it is not approved, all payments will be returned to the James Parties and Beste.

2.  Agreed Judgment: The parties will have an agreed judgment in the form attached hereto as Exhibit A signed by the judge, but not filed, in the amount of $8 million against the James Parties and Beste jointly and severally to secure the payments set out above in paragraph 1. The original copy of the judgment signed by the Court will be held by Espinosa, one copy will be held by counsel for Espinosa, and one copy will be held by Taylor. Except as provided herein, no copies of the judgment will ever be made, and no copies of the judgment will ever be disseminated and/or provided to any other person(s) and/or entities. If any payment is not timely made, counsel for Espinosa shall provide notice via e-mail to counsel for the James Parties and Beste. The James Parties and Beste shall have five (5) business days to cure the payment failure. If the payment failure is not timely cured, the judgment may be filed and abstracted immediately. The James Parties and Beste agree not to challenge the filing and enforcement of the judgment if payments are not timely made, notice has been provided, and the payment failure has not been cured, but reserve their right to challenge the amount due under the judgment based on offsets or credits allowed by this Agreement. The James Parties and Beste shall receive a dollar for dollar credit against the $8 million agreed judgment for all settlement payments made (including the initial $3.4 million payment) if the judgment is ever filed for nonpayment. If all of the payments called for in Section 1 are made, all copies of the judgment in the possession of Taylor, Espinosa or counsel for Espinosa, including the original copy signed by the Court, will be delivered to counsel for the

-2-

2024

James Parties and Beste. At such time, the James Parties and/or Beste will be permitted to destroy any and all copies of the judgment. The parties also agree to the agreed order of severance attached hereto as Exhibit B. That order of severance will be filed immediately upon approval of the settlement by the trial court judge so that the agreed judgment can be filed in that cause, if appropriate under the terms of this Agreement.

3. <u>Permanent Injunction</u>: The James Parties and Beste agree to the entry of the Permanent Injunction attached hereto as Exhibit C.

4. <u>Agreement to Cooperate</u>: If the James Parties discover any additional non-privileged records and/or documents that relate to RV and/or HCF that have not already been produced in this litigation, they agree to provide a copy to their counsel who will then provide a copy to counsel for the Receiver and the James Parties agree to maintain a copy of those records and/or documents until January 1, 2014. The James Parties agree to respond to written questions or inquiries from Espinosa or Taylor related to policy maturity issues and/or problems either of them may have from time to time related to management or administration of the policies. The written questions or inquires described above are to be transmitted to the James Parties through their counsel of record. Espinosa, Taylor, and counsel for Espinosa and/or Taylor are not to contact the James Parties without prior permission from their respective counsel of record. If Espinosa, Taylor, and counsel for Espinosa and/or Taylor are unable, after a good faith search, to locate Larry York, Carl Galant, or Nicholas Laurent to submit a written inquiry as provided herein, they may contact the James Parties directly in writing. In response to a direct inquiry from Espinosa or Taylor, the James Parties may refer Espinosa and/or Taylor to counsel for the James Parties in which case all further communications will be through counsel.

5. <u>Releases</u>.

    A. In return for the Monetary Consideration to be paid as stated herein, the Agreement to Cooperate, the James Parties' and Beste's releases, as set forth below, and other good and valuable consideration, Plaintiffs, for themselves and their respective legal representatives, successors, and assigns hereby agree to mutually, irrevocably, unconditionally and completely, RELEASE, ACQUIT AND FOREVER DISCHARGE the James Parties and Beste and all of their agents, employees, servants and attorneys, of and from any and all claims, demands, actions, debts, accounts, rights, liabilities, damages, judgments, liens, losses, costs, expenses, attorneys' fees and causes of action of any nature, both past, present and future, known and unknown, accrued and unaccrued, foreseen and unforeseen, asserted and not asserted, discovered or not discovered, whether at law, in equity or otherwise, either direct or consequential, which Plaintiffs could have or have ever had or may now have against the James Parties and Beste that were brought and/or that could have been brought in Cause No. D-1-GV-10-000454, and that arise out of all operations and activities of RV or HCF, against each other and all of their respective counsel, agents, etc. with prejudice. Plaintiffs' release is expressly conditioned upon the payment of the

- 3 -

2025

Monetary Consideration as required by Section 1 hereof.

B.   In return for Plaintiffs' release, as set forth in Section 5.A hereof, and other good and valuable consideration, the James Parties and Beste, for themselves and their respective heirs, executors, administrators, legal representatives, successors and assigns, hereby agree to mutually, irrevocably, unconditionally and completely, RELEASE, ACQUIT AND FOREVER DISCHARGE Plaintiffs, the State of Texas, Eduardo S. Espinosa, individually, Janet Mortenson, individually, Michael D. Napoli, John Thomas, John M. McConnell, Jim George, Cox Smith Matthews, Incorporated, K&L Gates, LLP, George & Brothers, LLP, George, Brothers, Kincaid & Horton, LLP, Donald R. Taylor, individually, Isabelle M. Antongiorgi, and Taylor Dunham LLP, and all of their agents, employees, servants and attorneys of and from any and all claims, demands, actions, debts, accounts, rights, liabilities, damages, judgments, liens, losses, costs, expenses, attorneys' fees and causes of action of any nature, both past, present and future, known and unknown, accrued and unaccrued, foreseen and unforeseen, asserted and not asserted, discovered or not discovered, whether at law, in equity or otherwise, either direct or consequential, which the James Parties and Beste could have or have ever had or may now have against Plaintiffs that were brought and/or that could have been brought in Cause No. D-1-GV-10-000454, and that arise out of all operations and activities of RV or HCF, against each other and all of their respective counsel, agents, etc. with prejudice. The James Parties' and Beste's release is expressly conditioned upon the Plaintiffs' mutual release contained in Section 5.A hereof.

C.   The parties expressly waive the provisions of any law that might otherwise render the releases contained herein unenforceable with respect to unknown claims, including § 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

D.   Plaintiffs, the James Parties and Beste completely and unconditionally release and forever discharge each other, respectively, from any claim that this Agreement was induced by any fraudulent or negligent act or omission, and/or result from any actual or constructive fraud, negligent misrepresentation, conspiracy, breach of fiduciary duty, breach of confidential relationship, or the breach of any other duty under law or in equity. It is the Plaintiffs' and the James Parties' and Beste's intent that on and following the execution of this Agreement that they shall have no further relationship with each other, other than rights that are expressly created in this Agreement. Plaintiffs, the James Parties and Beste expressly understand and agree that the exchange of releases does not apply to actions brought by any of them to enforce the terms of this Agreement. The James Parties and Beste further understand and agree that the foregoing no-further-relationship clause

-4-

2026

shall not apply to the State of Texas or its agencies, except insofar as the claim, demand, action, debt, account, right, liability, damage, judgment, lien, loss, cost, expense, claim for attorneys' fees or cause of action has been released under Section 5 of this Agreement. Plaintiffs, the James Parties and Beste shall reserve and each has reserved all of their rights against the other to enforce the terms of this Agreement.

E.     Nothing in this release language nor any other provision of this Agreement is intended to release any claims Plaintiffs have against the Licensees, Wells Fargo or any other party to the Lawsuit. Those claims are expressly and specifically reserved.     Except as expressly provided herein, there are no third party beneficiaries to this Agreement.

6.     <u>Non-Admission</u>.. Plaintiffs, the James Parties and Beste agree that this Agreement is a compromise settlement of a disputed claim or claims, and shall not be deemed or construed at any time or for any purpose to be an admission by any released party of any violation of any right, contract, statute, or common law or of any wrongdoing. The James Parties and Beste vigorously dispute all claims that have been asserted against them and maintain that those claims have no basis in fact or law.

7.     <u>Defense And Indemnity</u>.     Plaintiffs further agree to DEFEND, INDEMNIFY AND HOLD HARMLESS the James Parties and Beste from any claim or cause of action of any kind filed or made against any of them which has been or may subsequently be brought by, through, or on behalf of Plaintiffs and arising from any claim released under this Agreement.     The James Parties and Beste, likewise, agree to DEFEND, INDEMNIFY AND HOLD HARMLESS the Plaintiffs from any claim or cause of action of any kind hereafter filed or made against any of them which has been or may subsequently be brought by, through, or on behalf of the James Parties and Beste and arising from any claim released under this Agreement. This right of indemnity is conditioned upon prompt notice by the party claiming a right to indemnity on any such claim to the party against whom indemnity is sought and the party against whom indemnity is sought being given the right to defend the claim on which indemnity is sought. Plaintiffs, the James Parties and Beste warrant they are not presently aware of any facts that would give rise to a claim for indemnity under this Section. The right to indemnity in this Section is limited to the James Parties, Beste and Plaintiffs, as herein defined, and shall not be construed as granting a right to indemnity in favor of any other entities or persons related to or affiliated with the Plaintiffs or the James Parties and Beste. The parties' indemnity obligation under this provision is limited to the Monetary Consideration actually paid by the James Parties and Beste pursuant to Section 1 above. The Defense and Indemnity provisions set out in this Section 7 shall not apply to the State of Texas or its agencies; provided, however, that the absence of such obligation on the part of the State shall in no way limit or modify the scope the release given by the State of Texas in Section 5. Plaintiffs' indemnity obligation does not encompass claims brought by any investors, including but not limited to the HCF Investors provided no investor claims have been or will be brought by, through, or on behalf of Plaintiffs.

-5-

2027

8.  **Attorney's Fees.** The James Parties, Beste and Plaintiffs will bear their own attorney's fees, expenses and costs in this Lawsuit.

9.  **Reasonable Steps.** The James Parties, Beste and Plaintiffs further warrant and represent that they will cooperate fully and execute any and all supplementary documents and take such additional actions which reasonably may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement. RV, by and through its Receiver, and HCF, by through its Receiver, agree to file a non-suit with prejudice of all claims against the James Parties and Beste within fourteen (14) days from the date the last settlement payment is made, if all settlement payments are made as contemplated in this Agreement.

10. **Severability and Governing Law.** If any single section or clause of this Agreement should be found unenforceable, it shall be severed and the remaining sections and clauses shall be enforced in accordance with the intent of this Agreement. Texas law shall govern the validity and interpretation of this Agreement.

11. **Waiver or Breach.** The James Parties, Beste and Plaintiffs agree that one or more waivers or breaches of any covenant, term, or provision of this Agreement by any party shall not be construed as a waiver of a subsequent breach of the same covenant, term, or provision, or as a waiver or breach of any other covenant, term, or provision.

12. **Entire Agreement.** This Agreement, including the exhibits hereto, contains the entire understanding between the James Parties, Beste and Plaintiffs and supersedes all prior agreements and understandings, oral or written, relating to the subject matter of this Agreement. The James Parties, Beste and Plaintiffs expressly acknowledge and agree that no provisions, representations, or warranties whatsoever were made, express or implied, other than those contained in this Agreement and that they are not relying on any statement or communication from the other party other than those expressly contained in this Agreement in deciding to execute this Agreement. This Agreement shall not be modified, amended, or terminated unless such modification, amendment, or termination is executed in writing and signed by authorized representatives of the affected parties. The James Parties, Beste and Plaintiffs hereby waive their right to make future oral agreements covering the same subject as this Agreement.

13. **Construction.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either the James Parties, Beste or Plaintiffs. The James Parties, Beste and Plaintiffs agree that the waivers, releases, relinquishments and disavowals herein granted shall be with respect to claims, interests, rights, remedies and causes of action known or unknown, matured or unmatured, contingent or direct, existing or hereafter arising. The James Parties, Beste and Plaintiffs acknowledge (after full consideration of the consequences and after being fully advised in the premises) that the waiver and relinquishment of their respective claims contained in this Agreement is full and complete, whether or not the factual basis for their respective claims or defenses are currently known to them.

-6-

2028

14. Other Acknowledgments. Plaintiffs, the James Parties and Beste, and each of them, hereby represent and certify that they (1) have had an opportunity to read all of this Agreement; (2) have been given a fair opportunity to, and have been advised to, discuss and negotiate the terms of this Agreement by and through their legal counsel; (3) have been given a reasonable time to consider the Agreement; (4) understand the provisions of this Agreement; (5) have had ample opportunity to seek and have received advice from an attorney or other advisors regarding this Agreement or have otherwise waived their right to do so; (6) have determined that it is in their best interest to enter into this Agreement; (7) have not been influenced to sign this Agreement by any statement or representation by the other party or its legal counsel or other representative not contained in this Agreement; (8) have had sufficient time to investigate the existence of the claims and other rights hereby released and have satisfied themselves with respect to the same based upon their investigation and the advice of counsel, (9) are fully authorized to execute this Agreement in the capacities in which it is executed and (10) enter into this Agreement knowingly and voluntarily without coercion, duress, or fraud.

15. Valid Consideration. Plaintiffs, the James Parties and Beste agree that this Agreement is supported by good, valuable, and sufficient consideration.

16. Change of Facts. Plaintiffs, the James Parties and Beste understand and agree that the facts in respect of which this Agreement is made may hereafter prove to be other than, or of different form than, the facts now known by either of them or believed by either of them to be true as set forth in this Agreement. Plaintiffs, the James Parties and Beste expressly accept and assume the risk of the facts proving to be so different, and each of them agrees that all of the terms of this Agreement shall be, in all respects, effective and binding, and not subject to termination or rescission by either of them due to any such difference in facts.

17. Multiple Counterparts. Plaintiffs, the James Parties and Beste agree that this Agreement may be signed in multiple counterparts, each of which shall be deemed an original for all purposes.

Plaintiffs the James Parties and Beste have executed this Agreement on the following date

**Remainder of this Page Intentionally Left Blank**

- 7 -

2029

Date: _April 22, 2013_     _Eduardo S. Espinosa_

Eduardo S. Espinosa in his capacity as Receiver of
Retirement Value, LLC and on behalf of Retirement
Value, LLC

THE STATE OF TEXAS   §
                        §
COUNTY OF DALLAS   §

BEFORE ME, the undersigned authority, on this day personally appeared Eduardo S.
Espinosa known to me to be the person whose name is subscribed to the foregoing "Settlement
Agreement and Release of all Claims" and acknowledged to me that he executed same for the
purposes and considerations therein expressed and in the capacity or capacities indicated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 22nd day of
April 2013.

_Cynthia Taylor_
Notary Public, the State of Texas

CYNTHIA TAYLOR
Notary Public, State of Texas
My Commission expires
March 22, 2017

- 8 -

2030

Date: 4/22/2013

Donald Taylor in his capacity as Receiver of
Hill Country Funding (Texas), LLC and
Hill Country Funding (Nevada), LLC and on
behalf of Hill Country Funding (Texas), LLC and
Hill Country Funding (Nevada), LLC

THE STATE OF TEXAS     §
                       §
COUNTY OF TRAVIS       §

BEFORE ME, the undersigned authority, on this day personally appeared Donald Taylor known to me to be the person whose name is subscribed to the foregoing "Settlement Agreement and Release of all Claims" and acknowledged to me that he executed same for the purposes and considerations therein expressed and in the capacity or capacities indicated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 22nd day of April 2013.

Notary Public, the State of Texas

- 9 -

2031

Date: _April 22, 2013_     _Janet Mortenson, Special Receiver_

Janet Mortenson in her capacity as Special Receiver
of Retirement Value, LLC

THE STATE OF TEXAS   §
                     §

COUNTY OF HARRIS   §

BEFORE ME, the undersigned authority, on this day personally appeared Janet Mortenson known to me to be the person whose name is subscribed to the foregoing "Settlement Agreement and Release of all Claims" and acknowledged to me that she executed same for the purposes and considerations therein expressed and in the capacity or capacities indicated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 22nd day of April 2013.

_Linda Smith_

Notary Public, the State of Texas

LINDA SMITH
Notary Public
STATE OF TEXAS
My Comm. Exp. 10-28-15

- 10 -

2032

Date: 4-22-2013                    _Jack Hohengarten_ (signature)
                                   Jack Hohengarten
                                   Assistant Attorney General
                                   On behalf of the State of Texas


THE STATE OF TEXAS      §
                        §
COUNTY OF TRAVIS        §

    BEFORE. ME, the undersigned authority, on this day personally appeared Jack Hohengarten known to me to be the person whose name is subscribed to the foregoing "Settlement Agreement and Release of all Claims" and acknowledged to me that she executed same for the purposes and considerations therein expressed and in the capacity or capacities indicated.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this 22nd day of April 2013.

JENNY McCOY-GOLAN
Notary Public
STATE OF TEXAS
Commission Exp. 11-17-2015
Notary without Bond

_Jenny McCoy-Golan_ (signature)
Notary Public the State of Texas

- 11 -

Date: 4-18-2013

_____

James Settlement Services, LLC
By: Ronald James
Its: Managing Member

THE STATE OF CALIFORNIA §
§
COUNTY OF CONTRA COSTA §

BEFORE ME, the undersigned authority, on this day personally appeared Ronald James, the Managing Member of James Settlement Services, LLC, known to me to be the person whose name is subscribed to the foregoing "Settlement Agreement and Release of all Claims" and acknowledged to me that he executed same for the purposes and considerations therein expressed and in the capacity or capacities indicated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 18 day of APRIL 2013.

_____
Notary Public, the State of California

KAZIE K. AFSARI
Comm. #1903175
Notary Public - California
Contra Costa County
Comm. Expires Sep 6, 2014

- 12 -

2034

Date: 4-18-2013

Ronald James, individually

THE STATE OF CALIFORNIA    §
                           §
COUNTY OF CONTRA COSTA     §

BEFORE ME, the undersigned authority, on this day personally appeared Ronald James, known to me to be the person whose name is subscribed to the foregoing "Settlement Agreement and Release of all Claims" and acknowledged to me that he executed same for the purposes and considerations therein expressed and in the capacity or capacities indicated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 18 day of APRIL 2013.

Notary Public, the State of California

KAZIE K. AFSARI
Comm. #1903175
Notary Public - California
Contra Costa County
Comm. Expires Sep 6, 2014

- 13 -

2035

Date: ____4/18/2013____                          _____
                                                 Donald James

THE STATE OF CALIFORNIA      §
                             §
COUNTY OF CONTRA COSTA       §

      BEFORE ME, the undersigned authority, on this day personally appeared Donald James known to me to be the person whose name is subscribed to the foregoing "Settlement Agreement and Release of all Claims" and acknowledged to me that he executed same for the purposes and considerations therein expressed and in the capacity or capacities indicated.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE this _18_ day of _APRiL_ 2013.

KAZIE K. AFSARI
Comm. #1903175
Notary Public - California
Contra Costa County
Comm. Expires Sep 6, 2014

_____
Notary Public, the State of California

2036

Date: _4/19/2013_                                                                   _(signature)_

                                                                                    Michael Beste

**THE STATE OF NEW MEXICO  §**
                                        §
**COUNTY OF SANTA FE          §**

     BEFORE ME, the undersigned authority, on this day personally appeared Michael Beste known to me to be the person whose name is subscribed to the foregoing "Settlement Agreement and Release of all Claims" and acknowledged to me that he executed same for the purposes and considerations therein expressed and in the capacity or capacities indicated.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE this _19TH_ day of _April_ 2013.

OFFICIAL SEAL
**Linda J. Miller**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: _06/25/2016_

                                                                _(signature)_
                                                                Notary Public, the State of New Mexico

- 15 -

2037